# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **Z.N., D.N., and A.P.**

**No. 17-0421** (Mineral County 16-JA-11, 16-JA-12, & 16-JA-13)

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.P., by counsel Jeremy B. Cooper, appeals the Circuit Court of Mineral County's March 3, 2017, order terminating her parental rights to Z.N., D.N., and A.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Meredith H. Haines, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights and in holding a hearing on her request for post-termination visitation without the presence of her counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2016, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend, A.P.'s father, alleging that the parties abused the children, Z.N., D.N., and A.P. According to the petition, Z.N. presented at the local hospital emergency room with facial bruising and bruising to his penis and groin. Petitioner told medical personnel that she did not know the cause of the child's injuries and suggested that "a spirit followed them home" and caused the Z.N.'s injuries. She also suggested that Z.N. may have been injured by wearing a flotation device while playing in a pool. The treating physician stated that petitioner's explanations were not consistent with the child's injuries. Z.N. was interviewed by staff at the Mineral County Child Advocacy Center ("CAC") and told the interviewer that petitioner told him to say that her boyfriend "had not done anything." Z.N. disclosed that he told a family member that the boyfriend struck him on his penis.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The children were removed from petitioner's custody on June 14, 2016. The circuit court held a preliminary hearing on June 21, 2016, and found probable cause to believe that the children were abused and neglected. The children were returned to petitioner's custody in July of 2016 upon her agreement with the DHHR that she would not allow contact between her boyfriend and the children.

In October of 2016, the children were removed from the petitioner's custody again following a second CAC interview wherein two of the children disclosed that the boyfriend had physically and sexually abused them while in petitioner's custody. The children indicated that they were afraid of the boyfriend and disclosed that petitioner was aware of the abuse but allowed the boyfriend to have continued contact with the children despite her agreement with the DHHR. Z.N. also disclosed that he told petitioner that the boyfriend was physically and sexually abusing him. On October 19, 2016, the DHHR filed an amended petition against petitioner and the boyfriend. The circuit court held a preliminary hearing and again found probable cause to believe that the children were abused and neglected. Petitioner was granted supervised visitation.

In January of 2017, after a series of continuances to facilitate discovery, the circuit court held an adjudicatory hearing wherein the investigating West Virginia State Trooper testified that he was present at Z.N.'s CAC interview. The trooper testified that the child stated in the interview that petitioner's boyfriend grabbed him by the genitals, squeezed them, and "would not let go." The child also disclosed in the interview that petitioner's boyfriend stuck the boyfriend's penis in the child's mouth and that he witnessed the boyfriend stick his penis in the child's brother, D.N's, mouth. The child advocate who conducted the children's CAC interviews testified that Z.N. initially stated that petitioner's boyfriend did not hit him, but later stated that petitioner told him to say this. She also testified that the child had bruising on his face, stomach, back, and genitals. She further testified that Z.N. likewise disclosed to her that petitioner's boyfriend grabbed him by the genitals and stuck his penis in the child's mouth.

The children also disclosed that the parties engaged in domestic violence in their presence. A DHHR worker testified that petitioner's boyfriend did not attend most of the multidisciplinary team ("MDT") meetings. She also testified that she reviewed several of the petitioner's cellular telephone text messages and confirmed that she and the boyfriend were still in contact. Petitioner stood silent as to the allegations in the petition and offered no evidence on her behalf. At the close of evidence, the circuit court found by clear and convincing evidence that petitioner and the boyfriend abused the children. The circuit court specifically found that Z.N. disclosed that the boyfriend physically and sexually abused Z.N. and D.N. and that Z.N. disclosed this to petitioner, but that she did not "take the disclosure seriously." Following her adjudication, petitioner filed a written motion requesting a post-adjudicatory improvement period.

In February of 2017, the circuit court held a dispositional hearing. At the hearing, the circuit court considered petitioner's motion for an improvement period and the DHHR's motion to terminate petitioner's parental rights. Petitioner again stood silent and presented no evidence on her behalf. The circuit court found that petitioner knowingly allowed her children to be exposed to abuse, encouraged them to lie about the abuse, and continued her relationship with the boyfriend despite the abuse allegations and the abuse and neglect proceedings. The circuit

court also found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated her parental rights to the children, and denied her motion for a post-adjudicatory improvement period, by order entered on March 3, 2017.[2] It is from that order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

Petitioner argues on appeal that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative. We disagree. West Virginia Code § 49-4-604(a)(6) provides that circuit courts are directed to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when " '[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996).

In the instant case, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. Petitioner stood silent as to the allegations of sexual abuse and also refused to address the issues of abuse. It is clear from the record that petitioner maintained a relationship with her physically and sexually

---

[2]The parental rights of all the parents of all the children were terminated below. According to the guardian, the children were all placed in the same foster home and the permanency plan is adoption therein.

abusive boyfriend throughout the proceedings below and facilitated his contact with the children, despite her awareness of his physical and sexual abuse of her children. This Court has stated that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioner failed to acknowledge her boyfriend's abusive conduct and continued her relationship with him despite such conduct, it is clear that the circuit court correctly found that there was no reasonable likelihood the conditions of abuse could be substantially corrected. Moreover, the circuit court also found that termination was necessary for the children's welfare. As previously stated, pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Petitioner next argues on appeal that the circuit court erred in holding a hearing on petitioner's oral motion for post-termination visitation in the absence of her counsel. Petitioner argues that the denial of her request for post-termination visitation was "based solely on a therapist's letter." Upon our review, the Court finds this assignment of error to be without merit. We have explained that

> a parent whose rights have been terminated pursuant to an abuse and neglect petition may request post-termination visitation. Such request should be brought by written motion, properly noticed for hearing, whereupon the court should hear evidence and arguments of counsel in order to consider the factors established in Syllabus Point 5, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995), except in the event that the court concludes the nature of the underlying circumstances renders further evidence on the issue manifestly unnecessary.

*In re Marley M.*, 231 W.Va. 534, 544, 745 S.E.2d 572, 582 (2013). Here, this was not done.

Moreover, we have previously held that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest. Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). In this case, petitioner failed to provide evidence to contradict the circuit court's finding that continued visitation was not in the children's best interests. Petitioner also failed to acknowledge the physical and sexual abuse of her children and maintained continued contact with the children's abuser. Further, petitioner clearly placed her relationship with the boyfriend over the safety of her children.

Rule 15 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides, in part, that "[t]he effect of entry of an order of termination of parental rights shall be . . . to prohibit all contact and visitation between the child who is the subject of the petition and the parent who is the subject of the order." As such, petitioner's parental rights were properly terminated at the close of the disposition hearing. Accordingly, we find no error in the circuit court's denial of post-termination visitation with petitioner.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker